Benjamin Brenner, J.
The defendants in Action No. 1 move to consolidate Action No. 2 with said Action No. 1. The actions arose out of a collision of two vehicles. The operator of one of them, a defendant in Action No. 2 is also the plaintiff in Action No. 1 suing in an individual capacity and in a representative capacity in behalf of three infant plaintiffs and the estate of a deceased person.
Consolidation is opposed by all the plaintiffs in both actions but there is no opposition by defendants in Action No. 2. This is understandable as the defendants in both actions, while represented by different attorneys, are insured by the same company.
Should the actions be tried together and the negligence of the operator in Action No. 2 be therein established, such a finding would rightfully bar recovery by the operator in his individual capacity in Action No. 1. But such a finding of negligence against him personally in Action No. 2 would probably prejudice the injured infants and the estate of the deceased person in Action No. 1, who are represented by him.
*98 It appears that the injuries to all the persons in Action No. 1 are much greater than those suffered by the plaintiffs in Action No. 2. Indeed the sum of $80,000 has already been offered to settle the causes of the plaintiffs in Action No. 1. Now, as judgments recovered would have to be paid by the same insurance company, it is conceivable that it would prefer a recovery by plaintiffs in Action No. 2 rather than by plaintiffs in Action No. 1. Thus, while I cannot believe that this result would be consciously sought, any possibility thereof, or any temptation to bring it about, should be avoided in the interests of justice. I must, therefore, deny consolidation.